IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHERYL LYNN, Individually
and as Administrator of the
Estate of Nevaeh Lynn-Behymer, deceased
266 Incline Lane
New Richmond, Ohio 45157

and

CHARLES BEHYMER
266 Incline Lane
New Richmond, Ohio 45157

    Plaintiffs,

vs.

UNITED STATES OF AMERICA
c/o Benjamin C. Glassman
United States Attorney for the
Southern District of Ohio
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202

    Defendant.

Case No. 1:17-cv-793

Judge

**JURY DEMAND ENDORSED HEREON**

**AFFIDAVITS OF MERIT, ATTACHED**

## COMPLAINT

Now comes Plaintiff Cheryl Lynn, Individually and as Administrator of the Estate of Nevaeh Lynn-Behymer, and Charles Behymer, by and through counsel, and for their cause of action state as follows:

### PARTIES

1. On December 6, 2014, Plaintiff Cheryl Lynn delivered an infant daughter, Nevaeh Lynn-Behymer, in Clermont County, Ohio, that had just died.

2. Plaintiff Charles Behymer is the biological father of Nevaeh Lynn-Behymer and resides with Plaintiff Cheryl Lynn at 266 Incline Lane in the Village of New Richmond in Clermont County, Ohio.

3. Plaintiff Cheryl Lynn was appointed as Administrator of the Estate of Nevaeh Lynn-Behymer by the Probate Court of Clermont County, Ohio, by Entry filed August 2, 2016, in Case Number 16 ES 11829.

4. At all times relevant herein, HealthSource of Ohio Batavia OB/GYN (hereinafter referred to as "HealthSource") was a federally supported health center with its principal place of business in Batavia, Clermont County, Ohio, that employed physicians, physician assistants, nurses, technicians and other personnel including, but not limited to Sherry Johnson, D.O. (hereinafter referred to as "Dr. Johnson"), Jeffrey Lubow, M.D. (hereinafter referred to as "Dr. Lubow"), and Casey Ogburn, M.D. (hereinafter referred to as "Dr. Ogburn"), to evaluate, care for, and treat patients. HealthSource was an entity deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233(a).

5. At all times relevant herein, as employees of HealthSource, Dr. Johnson, Dr. Lubow, and Dr. Ogburn are also deemed to be employees of the Public Health Service for purposes of 42 U.S.C. § 233(a).

6. At all times relevant herein, Dr. Johnson, Dr. Lubow, and Dr. Ogburn were each acting within the course and scope of their employment as deemed employees of the Public Health Service for purposes of 42 U.S.C. § 233(a).

**JURISDICTION AND VENUE**

7. By enactment of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 2671, *et seq.*, Congress waived the United States' immunity from suit for certain tort actions and

2

vested federal district courts with exclusive jurisdiction over civil actions or claims against the United States for negligent and wrongful acts or omissions of federal employees and officers acting within the scope of their employment and office.

8. Prior to filing a lawsuit in federal district court under the FTCA, an administrative tort claim must be filed with the appropriate agency pursuant to 28 U.S.C. § 2675(a).

9. Plaintiffs filed their administrative tort claim with the United States Department of Health and Human Services on November 21, 2016.

10. More than six months have elapsed since the administrative tort claim was filed and on July 14, 2017, the agency closed its file Thus, the administrative tort claim is deemed to have been denied by operation of the FTCA and Plaintiffs have timely filed this action.

11. Further, pursuant to 28 U.S.C. § 1332(b), Plaintiffs have suffered damages in excess of $75,000, and jurisdiction is therefore proper in this Court.

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims herein occurred in Clermont County, which is in the Western Division of the Southern District of Ohio pursuant to 28 U.S.C. § 115(b)(1).

## SERVICE OF PROCESS

13. Service of process is permitted on Defendant United States of America by virtue of Rule 4(i)(1) of the Federal Rules of Civil Procedure.

## COMMON FACTUAL ALLEGATIONS

14. At all times relevant hereto, Plaintiff Cheryl Lynn was a patient at HealthSource under the care of Dr. Johnson, Dr. Lubow, and Dr. Ogburn.

15. On or about April 17, 2014, Plaintiff Cheryl Lynn presented to HealthSource for her initial prenatal visit with Dr. Johnson.

16. An ultrasound performed on May 23, 2014, confirmed a due date of December 17, 2014.

17. During her pregnancy, Plaintiff Cheryl Lynn was regularly evaluated by Dr. Johnson, Dr. Lubow, and Dr. Ogburn.

18. Plaintiff Cheryl Lynn presented to HealthSource for her last regular scheduled office visit on December 1, 2014 and was seen by Dr. Johnson. Dr. Johnson noted the presence of a small amount of protein in her urine and that her blood pressure was 146/92. When it was rechecked, her blood pressure was 135/82. Fetal movement was described as "normal." Plaintiff was scheduled for a routine follow up exam one week later.

19. On December 4, 2014, Plaintiff Cheryl Lynn presented to HealthSource with complaints of pain in her lower stomach since December 2, 2014. This was not a regular scheduled appointment and Plaintiff saw Dr. Lubow. Plaintiff had 2+ protein in her urine. Her initial blood pressure was 128/88 and, after laying on her left side for fifteen minutes, her blood pressure was 140/100. Plaintiff's blood pressure was 130/85 when it was later rechecked by Dr. Lubow. The fetal heart tones were normal. Dr. Lubow ordered a 24 hour urine to measure protein and blood work, including uric acid.

20. On December 5, 2016, Plaintiff returned to HealthSource with the urine and the 24 hour protein was 4160.1 (normal 30-150).

21. Later that evening, at approximately 7:00 p.m., Plaintiff Cheryl Lynn went to Mercy Health Partners in Cincinnati because she did not feel movement. An ultrasound

4

confirmed that her baby had died. Plaintiff Cheryl Lynn delivered her stillborn infant on December 6, 2014.

## PLAINTIFFS' CAUSE OF ACTION
### [Wrongful Death]

22. Plaintiffs incorporate by reference any and all statements and allegations contained in Paragraphs 1 through 21, as if fully rewritten in this Cause of Action.

23. HealthSource, its physicians, Dr. Johnson, Dr. Lubow, and Dr. Ogburn, and its other agents and employees, fell below the accepted standard of care, skill and diligence for health care providers and medical provider employees in Ohio or other similar communities in their diagnostic care and medical treatment of Plaintiff Cheryl Lynn resulting in the stillbirth of her infant daughter. Specifically, they failed to meet the accepted standard of care, skill, and diligence by failing to recognize and monitor the IUGR, resulting in fetal distress, by failing to recognize and treat preeclampsia before the death of the baby, by failing to perform serial non stress tests, and by failing to send Plaintiff Cheryl Lynn to the labor and delivery unit for monitoring. They were negligent in other respects, as well.

24. HealthSource, its physicians, Dr. Johnson, Dr. Lubow, and Dr. Ogburn, and its other agents and employees, fell below the accepted standards of care for physicians, nurses, and other personnel and breached their duty of care owed to Plaintiff Cheryl Lynn and her decedent, Neveah Lynn-Behymer.

25. As a direct and proximate result of the failure of HealthSource and its physicians, Dr. Johnson, Dr. Lubow, and Dr. Ogburn, individually and by and through agents and/or employees, to meet accepted standards of care, skill, and diligence, the decedent, Neveah Lynn-Behymer, died wrongfully on December 6, 2014. Neveah Lynn-Behymer was a viable female infant just prior to death.

26. As a direct and proximate result of the aforementioned failures and negligence of HealthSource, its physicians, Dr. Johnson, Dr. Lubow, and Dr. Ogburn, and its other agents and employees, individually, as well as by and through their agents and/or employees, and the resulting death of the decedent, Neveah Lynn-Behymer, her Estate incurred funeral expenses as well as other expenses.

27. As a further direct and proximate result of the aforementioned failures and negligence of HealthSource, its physicians, Dr. Johnson, Dr. Lubow, and Dr. Ogburn, and its other agents and employees, and the premature wrongful death of Neveah Lynn-Behymer, her heirs including, but not limited to, her mother Cheryl Lynn and her father Charles Behymer, as well as numerous other next of kin, suffered severe mental anguish and emotional distress. In addition, her survivors lost the support, services and prospective inheritance of Neveah Lynn-Behymer. Her survivors also lost the decedent's society, including loss of companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education. Neveah Lynn-Behymer's survivors expect to suffer continued mental anguish, emotional distress, and loss of support, services, and society indefinitely into the future.

28. By virtue of 28 U.S.C. § 2674, Defendant United States of America is and remains liable for the decedent's death.

**DEMAND**

**WHEREFORE,** Plaintiffs Cheryl Lynn, individually and as Administrator of the Estate of Neveah Lynn-Behymer, and Charles Behymer demand judgment against the United States of America on all claims presented herein as to medical negligence and wrongful death or otherwise and an award of compensatory, consequential, incidental, special, and medical damages in an

amount greater than Seventy-Five Thousand Dollars ($75,000.00) together with attorney fees and costs herein expended and such other relief as may be just and appropriate in this case.

                                        Respectfully submitted,

_____
David I. Shroyer (0024099)
**Colley Shroyer & Abraham Co., LPA**
536 South High Street, 2nd Floor
Columbus, Ohio 43215
T: (614) 228-6453
F: (614) 228-7122
Email: dshroyer@csajustice.com
*Attorney for Plaintiffs*

## JURY DEMAND

Now comes the Plaintiffs and demand that the within matter be tried by a jury of eight (8).

_____
David I. Shroyer (0024099)
*Attorney for Plaintiffs*